Raymond F. **WEHNER**, et al., Plaintiffs,

v.

**SYNTEX CORPORATION**, et al., Defendants.

No. 83–642 C (2).

United States District Court, E.D. Missouri, E.D.

June 10, 1985.

---

Murry A. Marks, John Doskocil, St. Louis, Mo., Arnold Levin, Laurence S. Berman, Allan Kanner, Philadelphia, Pa., Robert L. Driscoll, Kansas City, Mo., for plaintiffs.

Paul S. Brown, St. Louis, Mo., George Weisz, New York City, John J. Cole, W. Munro Roberts, Jr., Ted L. Perryman, F. Wm. McCalpin, Richard A. Ahrens, St. Louis, Mo., Hunton & Williams, Joseph M. Spivey, III, Richmond, Va., Stephen D. Busey, James J. Taylor, Jr., Smith & Hulsey, Jacksonville, Fla., Steven R. Baer, Brian G. Donohue, Environmental Enforcement Sec., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Cheryle Micinski, Asst. Regional Counsel, Region VII, U.S. Environmental Protection Agency, Kansas City, Kan., Keith Onsdorff, Ken Farber, Stuart Hunt, Julie Becker, U.S. Environmental Protection Agency, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on the motion of the United States for a protective order concerning production of soil samples allegedly contaminated with dioxin. The Syntex defendants ("Syntex") in *Wehner v. Syntex Corporation* seek to secure from the Environmental Protection Agency ("EPA") portions of soil collected by the EPA. Syntex defendants desire to test the samples for the presence of dioxin.

After discussion between the parties the EPA has agreed to turn over to the Syntex defendants a portion of the samples collected by it provided certain conditions are satisfied. Syntex has agreed with all the conditions except the EPA's requirement that Syntex make the results of its analysis available to the EPA. Syntex objects to this condition arguing that the analysis conducted by it are its work product, and, therefore, protected from discovery by the EPA. The EPA, however, maintains that it is under no legal obligation to supply Syntex with the samples and that Syntex may be required to turn over to the EPA its results as a condition of receiving the samples collected by the EPA.

The Court agrees with the position of the EPA. The EPA collected the soil samples in furtherance of its statutory mandate to guard the environment from the toxic effects of hazardous waste. A private litigant, absent some compelling circumstances, has no right to test the samples secured by the EPA. The EPA expended the public's funds for the public's benefit in collecting the soil, and thus private parties have no right as such to secure from the EPA those samples. Private litigants are free to use the procedures outlined in Federal Rule of Civil Procedure 34 to collect and test their own soil samples. However, when the EPA has sufficient samples, and when the private party agrees to pay the costs involved, it is preferable for the EPA to allow the private party to use the samples collected by the EPA. As

a condition for such use, however, the EPA may impose the requirement that the party make the results of its analysis available to the EPA. The Court will, therefore, grant the protective order of the United States to this extent.

Accordingly,

IT IS HEREBY ORDERED that the motion of the United States for a protective order be and is GRANTED to the extent herein indicated.

IT IS FURTHER ORDERED that the Environmental Protection Agency need not produce the soil samples sought unless the Syntex defendants agree to make the results of their analysis of those samples available to the Environmental Protection Agency.